John E. Casperson
HOLMES WEDDLE & BARCOTT
999 Third Avenue, Suite 2600
Seattle, Washington 98104
(206) 292-8008
jcasperson@hwb-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BAY BANK, a division of Cowlitz Bancorp, a Washington State-chartered bank,<br><br>                   Plaintiff,<br><br>         v.<br><br>WILD SALMON, Official No. 1077274, its Engines, Machinery, Appurtenances, etc., *In Rem*,<br><br>                   Defendant,<br><br>         v.<br><br>THE 13TH REGIONAL CORPORATION, an Alaska Corporation,<br><br>                   Third Party Defendant. | IN ADMIRALTY<br><br><br><br><br><br><br><br>Case No.  A-05-265-CV |

**BAY BANK'S REPLY TO COUNTERCLAIMS**

COMES NOW Bay Bank, by and through its counsel of record, and replies to Defendants' Counterclaims as follows:

**PARTIES**

1. In reply to paragraph 22, Bay Bank admits.

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 1

2. In reply to paragraph 23, Bay Bank admits it is a chartered bank and member of the FDIC, and is subject to applicable laws and regulations regarding same.

3. In reply to paragraph 24, Bay Bank admits same.

4. In reply to paragraph 25, Bay Bank admits AEA Bank was a chartered bank and member of the FDIC (Grant?), and is subject to applicable laws and regulations regarding same.

### FIRST CLAIM – BREACH OF CONTRACT

5. In reply to paragraph 26, Bay Bank admits and denies as set out above.

6. In reply to paragraph 27, Bay Bank admits.

7. In reply to paragraph 28, Bay Bank admits AlaskaCatch requested an amount in excess of the amount ultimately loaned. Bay Bank admits it was unwilling to loan more than $2.5 million to AlaskaCatch. The remaining averments are denied.

8. In reply to paragraph 29, Bay Bank admits AlaskaCatch advised Bay Bank that it required a loan of approximately $2.5 million. AlaskaCatch also advised Bay Bank it wished to borrow additional amounts, which Bay Bank rejected. The remaining averments are denied.

9. In reply to paragraph 30, Bay Bank admits it offered AlaskaCatch a loan of approximately $2.5 million, which would be USDA, guaranteed in part, and secured in part by the assets of AlaskaCatch. Bay Bank admits that its employees also offered as an uncompensated customer service to attempt to assist AlaskaCatch in its efforts to borrow additional funds outside Bay Bank. The remaining allegations are denied.

10. In reply to paragraph 31, Bay Bank denies same.

11. In reply to paragraph 32, Bay Bank admits AlaskaCatch proceeded with a Bay Bank loan, which was partially guaranteed by the USDA. Bay Bank states

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 2

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1. affirmatively that all final terms of the loan were reduced to writing, which the defendant guarantors acknowledged. Bay Bank also states affirmatively that a guarantor lacks standing to assert the rights of the principal debtor, AlaskaCatch. The remaining averments are denied.

12. In reply to paragraph 33, Bay Bank states that because this averment is actually a stated legal conclusion, then no reply is required. However, if an reply is later deemed required, Bay Bank denies same. Bay Bank also affirmatively asserts that this is an inaccurate legal conclusion.

13. In reply to paragraph 34, Bay Bank admits information regarding this loan to AlaskaCatch was required by USDA, and Bay Bank did supply information regarding this loan to the USDA. Bay Bank denies the remaining averments, in particular that Bay Bank supplied false information to the USDA.

14. In reply to paragraph 35, Bay Bank admits.

15. In reply to paragraph 36, Bay Bank states that because this averment is actually a stated legal conclusion, then no reply is required. However, if an reply is later deemed required, Bay Bank denies same.

16. In reply to paragraph 37, Bay Bank denies same. Bay Bank also states affirmatively that a guarantor lacks standing to assert the rights of the principal debtor, AlaskaCatch.

17. In reply to paragraph 38, Bay Bank is without the knowledge or information to admit or deny the allegations therein, so denies same.

18. In reply to paragraph 39, Bay Bank is without the knowledge or information to admit or deny the allegations therein, so denies same.

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 3

**HOLMES WEDDLE & BARCOTT**
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

19. In reply to paragraph 40, Bay Bank is without the knowledge or information to admit or deny the allegations therein, so denies same.

20. In reply to paragraph 41, Bay Bank denies.

21. In reply to paragraph 42, Bay Bank is without the knowledge or information to admit or deny the allegations regarding defendants' losses alleged therein, so denies same.

## SECOND CLAIM – GUARANTY, IF ANY RELEASED

22. In reply to paragraph 43, Bay Bank admits and denies as set out above.

23. In reply to paragraph 44, Bay Bank denies same.

24. In reply to paragraph 45, Bay Bank denies same.

## THIRD CLAIM – MORTGAGE OBTAINED BY FRAUD AND/OR MATERIAL MISPRERESENTATION

25. In reply to paragraph 46, Bay Bank admits and denies as set out above.

26. In reply to paragraph 47, Bay Bank admits same.

27. In reply to paragraph 48, Bay Bank denies same.

28. In reply to paragraph 49, Bay Bank admits same.

29. In reply to paragraph 50, Bay Bank denies same.

30. In reply to paragraph 51, Bay Bank denies the Directive was material. Bay Bank is without the knowledge or information sufficient to form a belief as to what the defendants did and did not know, so denies same.

31. In reply to paragraph 52, Bay Bank admits same.

32. In reply to paragraph 53, Bay Bank admits additional oversight and audits occurred after February 2003. Bay Bank denies the remaining averments.

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 4

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

33. In reply to paragraph 54, Bay Bank denies same. Bay Bank also states affirmatively that a guarantor lacks standing to assert the rights of the principal debtor, AlaskaCatch.

34. In reply to paragraph 55, Bay Bank denies same. Bay Bank also states affirmatively that a guarantor lacks standing to assert the rights of the principal debtor, AlaskaCatch.

### FOURTH CLAIM – FAILURE TO ACT IN GOOD FAITH

35. In reply to paragraph 56, Bay Bank admits and denies as set out above.

36. In reply to paragraph 57, Bay Bank states that because the first sentence of the averment is actually a stated legal conclusion, then no reply is required. However, if an reply is later deemed required, Bay Bank denies same. All other averments in this paragraph including subparagraphs a. – i. are denied.

37. In reply to paragraph 58, Bay Bank denies same.

### FIFTH CLAIM – EXEMPLARY AND/OR PUNITIVE DAMAGES

38. In reply to paragraph 59, Bay Bank admits and denies as set out above.

39. In reply to paragraph 60, Bay Bank denies same.

### SIXTH CLAIM – STAY OF PROCEEDINGS

40. In reply to paragraph 61, Bay Bank admits and denies as set out above. Bay Bank is not a party to the Third Party claims brought by defendant, and so does not admit or deny for the Third Party defendant.

41. In reply to paragraph 62, Bay Bank states that because this averment is actually a stated legal conclusion, then no reply is required. However, if an reply is later deemed required, Bay Bank denies same.

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 5

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

## SEVENTH CLAIM – ATTORNEYS FEES AND COSTS

42. In reply to paragraph 63, Bay Bank states that because this averment is actually a stated legal conclusion, then no reply is required. However, if an reply is later deemed required, Bay Bank denies same

## THIRD PARTY CLAIMS

43. In reply to paragraphs 64-85, Bay Bank states that it is not a party to the Third Party claims brought by defendant, and so does not admit or deny for the Third Party defendant.

## AFFIRMATIVE DEFENSES

1. Breach of contract by defendants.

2. Defendants are estopped from bringing their counterclaims and/or have waived same.

3. Defendants failed to mitigate their damages.

4. Defendants' counterclaims fail to state a claim upon which relief can be granted.

5. The counterclaims herein are frivolous and plaintiff is entitled to legal fees and costs incurred herein.

6. The statute of frauds bars defendants' counterclaims.

7. Defendants have unclean hands.

8. Defendants do not have standing to assert their rights of the principal debtor, AlaskaCatch.

9. R. Bruce Johnston and Ray Wadsworth are not proper parties to this lawsuit.

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 6

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

10. R. Bruce Johnston and Ray Wadsworth have no legally cognizable interest in the defendant vessel.

11. R. Bruce Johnston and Ray Wadsworth lack standing.

WHEREFORE, Bay Bank prays for judgment as follows:

1. For judgment in favor of Bay Bank in an amount to be proved at trial;

2. For an order or judgment dismissing defendants' counterclaims with prejudice;

3. For judgment in favor or Bay Bank for its legal costs and fees incurred in this action, pursuant to contract and/or statute; and

4. For such other relief as this court deems just.

DATED this 25 day of January, 2006.

HOLMES WEDDLE & BARCOTT

John E. Casperson, ASBA #7910076
Attorney for Plaintiff

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 7

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1. CERTIFICATE OF SERVICE

2. The undersigned certifies that, on 25th day of
January, 2006, the foregoing was electronically
3. filed with the Clerk of Court using the CM/ECF
system and also hereby certify that a true and
4. correct copy of the foregoing was sent via
U.S. Mail to:
5.

6. Christopher D. Cypers
Frontier Law Group LLC
7. 800 E. Diamond Blvd., Ste 3-400
Anchorage, AK 99515
8. 907-561-3400

9.

10. Alegria Benton

11. G:\4741\20438\Pldg\Reply to Counterclaims (AK) 1.25.06.doc

BAY BANK'S REPLY TO COUNTERCLAIMS
Bay Bank v. Wild Salmon, O.N. 1077274
Case No. A-05-265-CV - 8

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008